IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISIT DIVISION

| | | |
|---|---|---|
| LUZ GALVEZ<br>Plaintiff | §<br>§<br>§ | |
| V. | §<br>§ | CASE NUMBER 2:15-cv-293<br>JURY |
| JOHN DOE and BARRY CARLTON, LLC<br>Defendants | §<br>§<br>§<br>§ | |

### DEFENDANT BARRY CARLTON, LLC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)

PLEASE TAKE NOTICE that Defendant BARRY CARLTON, LLC, hereby removes to this Court the state court action described below, and files this Notice of Removal:

### BACKGROUND

1. Plaintiff LUZ GALVEZ ("Plaintiff") is an individual and resident of the state of Texas.[1]

2. Defendant BARRY CARLTON, LLC, is a business, located at 1205 Calls Road, Estill Springs, Tennessee 37330-5106.[2] It has citizenship in Tennessee.

3. Defendant JOHN DOE is also named as a party Defendant.[3]

4. On March 31, 2015, an action was commenced in the 105th Judicial District Court, Nueces County, Texas under Cause No. 2015DCV-1495-D; LUZ GALVEZ V. JOHN DOE AND BARRY CARLTON, LLC .[4] Defendant BARRY CARLTON, LLC, herein after "Defendant," files this Notice of Removal within thirty days of Defendant's receipt of Plaintiff's initial pleading, Plaintiff's Original Petition, as required by 28 U.S.C. § 1446 (b). Defendant was

---

[1] See Plaintiff's Original Petition, attached as Exhibit "A"
[2] See *Id;*
[3] See *Id.* John Doe is believed to be Kenneth Ziegler, a Wyoming resident.
[4] See *Id.*

served with process through its registered agent on June 12, 2015.[5]

5. Defendant has attached the required state court documents pursuant to 28 U.S.C. § 1446 (a).[6]

6. Plaintiff's Original Petition affirmatively asserts that she is seeking damages in excess of $1,000,000.00.[7] Therefore, Plaintiff is clearly seeking damages in excess of $75,000 as required for this Court to have jurisdiction.

7. As for venue, venue is proper in this District under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446 (a) because this District and Division embrace the place where the removed action has been pending.

8. Defendant will promptly file a copy of this Notice of Removal with the Clerk of the state court where the action has been pending. Plaintiff and Defendant both made a demand for jury in the state court action.

9. As set forth in detail below, this Court has original jurisdiction over this civil action pursuant 28 U.S.C.A. § 1332 and the action may therefore be removed to this Court pursuant to 28 U.S.C.A. § 1441(a)(b).

## BASIS FOR REMOVAL

10. The Federal Court's basic diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds ... $75,000 ... and is between ... citizens of different States."[8] As set forth, this Court has original jurisdiction over this civil action pursuant 28 U.S.C. § 1332 and the action may therefore be removed to this Court pursuant to 28 U.S.C.A. § 1441(a)(b) because:

---

[5] See Barry Carlton LLC's Service of Process Transmittal, attached as Exhibit "B"
[6] See State court Documents attached as Exhibit "C"
[7] See Plaintiff's Original Petition, attached as Exhibit A.
[8] 28 U.S.C. § 1332(a)(1); *Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000); *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

a.  it is a civil action between citizens of a State (Texas) and citizens or subjects of a foreign state (Tennessee or Wyoming); and

b.  it is a civil action wherein the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest.[9]

11. A civil case filed in state court may be removed by the Defendant to Federal Court if the case could have been brought originally in Federal Court.[10] Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.[11] Plaintiff is a citizen of Texas. Defendant Barry Carlton, LLC was at the time of the filing of this action, and still is, a foreign corporation and/or resident of Tennessee.

12. Further, Defendant John Doe, believed to be Kenneth Ziegler, has not been properly named or served. Kenneth Ziegler is a resident of Wyoming; therefore, complete diversity of citizenship would still exist between Plaintiff and Defendants once Ziegler is properly added to the lawsuit and served.

## AMOUNT IN CONTROVERSY

13. Removal is proper when there is complete diversity of citizenship between the true parties to the lawsuit and the amount in controversy exceeds Seventy-Five Thousand Dollars exclusive of costs and interest ($75,000).[12] In *De Aguilar v. Boeing Co.*, the Fifth Circuit held that when a defendant removes such a case, the defendant then has the burden to prove that the amount in controversy actually exceeds the jurisdictional amount.[13] The *De Aguilar* Court went on to hold that to remand to state court, the plaintiff must establish as a matter of law that, if

---

[9] See Exhibit A, section VII.
[10] 28 U.S.C. § 1332(a).
[11] *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir.1996) (abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1076 (11th Cir. 2000) (overruling *Tapscott* on the issue of calculating the amount in controversy in class action suits).
[12] See Exhibit A; 28 U.S.C.A. § 1332(a).
[13] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410–11 (5th Cir.1995).

3

successful, it would not be able to recover more than the jurisdictional amount.[14]

14.  In determining whether the amount in controversy exceeds $75,000.00, courts must consider the full litany of damages that a plaintiff is seeking, including statutory and punitive damages.[15] Specifically, the court must consider penalties, statutory damages, and punitive damages in calculating the amount in controversy.[16] As applied here, Defendants can meet their burden to prove that the amount in controversy in this case exceeds the federal jurisdictional requirement of $75,000 based on the clear language of Plaintiffs' pleadings. In Section VI of Plaintiff's Original Petition, it states that "Plaintiffs' damages exceed the Court's jurisdictional minimum and exceed $75,001.00. Pursuant to Texas Rule of Civil Procedure 47 (c), Plaintiffs seeks monetary relief of over $1,000,000.00."[17] Therefore, the evidence is sufficient for Defendant to meet its burden to prove that the amount in controversy exceeds the removal requirement of $75,000.

## **CONCLUSION**

15.  Based on diversity of citizenship and satisfaction of the amount in controversy requirement, removal to Federal Court is proper.[18] Plaintiff is a citizen of the State of Texas. Defendant is not a resident of the State of Texas nor incorporated under the laws of Texas. Diversity of citizenship is clear from the pleadings and evidence.

WHEREFORE PREMISES CONSIDERED, based on the Petition, evidence and the diverse citizenships of the parties, this Court therefore has original jurisdiction of this action

---

[14] *Id* at 1411.
[15] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253–54 (5th Cir. 1998); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).
[16] *Id.*
[17] See Exhibit A, section VII.
[18] 28 U.S.C. § 1332(a); *Darden*, 200 F.3d at 755; *Laughlin*, 50 F.3d at 873.

under 28 U.S.C.A. § 1332 and removal of the action to this Court is proper under 28 U.S.C.A. § 1441(a).

                Respectfully submitted,

                GOLDMAN & ASSOCIATES, PLLC
                10100 Reunion Pl., Ste 800
                San Antonio, Texas 78216
                Tel:   210.340.9800
                Fax:  210.340.9888

BY: _____
                LARRY J. GOLDMAN
                "Attorney in Charge"
                Federal Bar No. 341
                State Bar No. 08093450
                GREGORY J. PETERSON
                Federal ID No. 996381
                State Bar No. 24057580

                ATTORNEYS FOR DEFENDANT BARRY CARLTON, LLC

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure on this 10th day of July, 2015.

Mr. Thomas J. Henry
Mr. Richard W. Hunnicutt III
Ms. Josephine Lue
Ms. Melissa Salinas
THOMAS J. HENRY, INJURY ATTORNEYS
4715 Fredericksburg Road, 5th Floor
San Antonio, Texas 78229
Telephone:   (210) 656-1000
Facsimile:    (361) 985-0601

                _____
                LARRY J. GOLDMAN
                GREGORY J. PETERSON

## VERIFICATION

STATE OF TEXAS       §
                     §
COUNTY OF BEXAR      §

BEFORE ME, the undersigned Notary Public, on this day personally appeared LARRY J. GOLDMAN who being by me duly sworn upon his oath, deposed and stated that he is an attorney of record for BARRY CARLTON, LLC; Defendant in the above-entitled and numbered cause; that he has read the above NOTICE OF REMOVAL, and that the allegations contained therein are within his personal knowledge and are true and correct.

_____
LARRY J. GOLDMAN, Affiant

SUBSCRIBED AND SWORN TO BEFORE ME, on this the 10th day of July 2015, to certify which witness my hand and official seal.

CAROL FORD
Notary Public, State of Texas
My Commission Expires
March 05, 2019

_____
NOTARY PUBLIC
IN AND FOR THE STATE OF TEXAS

6