06/26/2010 03:46 FAX                    CHANDLERINSURANCE                            ☒ 006/024

Filed
3/31/2015 10:36:22 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2015DCV-1495-D

| | | |
|---|---|---|
| LUZ GALVEZ<br>Plaintiff | § § § § § § § § § | IN THE DISTRICT COURT |
| VS. | | _____ JUDICIAL DISTRICT |
| JOHN DOE and<br>BARRY CARLTON, LLC<br>Defendants | | NUECES COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, LUZ GALVEZ, Individually, hereinafter referred to by name or as Plaintiff, and complains of JOHN DOE and BARRY CARLTON, LLC hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY LEVEL

1. Discovery shall be conducted in this case according to the Level III discovery control plan pursuant to Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES/SERVICE

2. Plaintiff, LUZ GALVEZ, is an individual residing in Texas.

3. Defendant, JOHN DOE's residence is currently unknown and cannot be served at this time.

4. Defendant, BARRY CARLTON, LLC is a foreign corporation organized and existing under the laws of the State of Tennessee whose Tennessee registered agent is Barry Carlton, and whose principal office is located at 1205 Calls Road, Estill Springs, Tennessee 37330-5106. Defendant may be served with process by serving the Texas Secretary of State, James E. Rudder Building, 1019 Brazos Street Room 220, Austin, Texas, 78701, as its agent for service because Defendant engages in business in the State of Texas but does not maintain a regular place of business in Texas or a designated agent for service of process in Texas, and because this suit arose from Defendant's business activities within the State of Texas. Specifically, the non-resident Defendant's tortious conduct detailed herein constituted "doing business" in Texas at the time of

**EXHIBIT A**

01/28/2012   01:30   19315964242                                           PAGE 03/22

the underlying incident. *Tex. Civ. Prac. & Rem. Code* §17.042.

### III.
### VENUE

5. Venue in Nueces County is proper in this cause because all or a substantial part of the events or omissions giving rise to this suit occurred in Texas.

6. Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff, LUZ GALVEZ, seeks monetary relief in excess of the minimum jurisdictional limits and a demand for judgment for all the other relief to which PLAINTIFF deems herself justly entitled at the time of filing this suit, which, with the passage of time may change and is within the Court's jurisdictional limits.

7. This court has jurisdiction because the defendants caused a motor vehicle accident in this State and do business in the State of Texas.

### IV.
### FACTS

8. On or about January 13, 2014, Plaintiff, LUZ GALVEZ, was lawfully operating a 2010 Nissan Versa while traveling through the intersection of highway 77 (Voss Avenue) and Willis Street, in Odem, Texas. Defendant, JOHN DOE, who was operating a tractor-trailer work truck owned by Defendant, BARRY CARLTON, LLC, with the license plate number "UI26838" and was also traveling in Odem, Texas, approached the intersection in highway 77 (Voss Avenue) and Willis Street when Defendant unlawfully passed through a red light and suddenly, violently, and without warning, the struck Plaintiff's vehicle. Though Defendant, JOHN DOE, fled the scene of the accident, witnesses followed him and recorded his company name, license plate number, USDOT number and MC number. At the time of the incident made the basis of this lawsuit, Defendant, JOHN DOE, was in the course and scope of his employment with Defendant, BARRY CARLTON, LLC. As a result of this collision, Plaintiff, LUZ GALVEZ, sustained severe injuries and damages as further set out below.

9. The occurrence made the basis of this suit, reflected above, and the resulting injuries and damages were proximately caused by the negligent conduct of the Defendants.

[handwritten: POLICE REPORT]

-4-

## V.
## CAUSES OF ACTION - DEFENDANT JOHN DOE, INDIVIDUALLY

### A. NEGLIGENCE

10. Defendant, JOHN DOE, had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

11. Plaintiff's injuries were proximately caused by Defendant, JOHN DOE's negligent, careless and reckless disregard of said duty.

12. The Defendant, JOHN DOE, operated the vehicle he was driving in a negligent manner because he violated the duty which he owed Plaintiff to exercise ordinary care in the operation of the commercial motor vehicle in one or more of the following respects:

   a. in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

   b. in failing to properly brake to come to a stop at a safe distance from Plaintiff's vehicle;

   c. in failing to turn the vehicle in an effort to avoid the collision in question;

   d. in failing to blow horn warning of imminent danger;

   e. in failing to make a stop at a red light with a commercial vehicle;

13. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

### B. NEGLIGENCE PER SE

14. Defendant JOHN DOE was negligent per se in failing to exercise the mandatory standard of care in violation of V.T.C.A. TRANSPORTATION CODE §545.062, §545.151 and §545.351 pursuant to the Negligence Per Se Doctrine, which mandates that:

§545.062 Following Distance

-3-

(a) An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

### §545.151 Vehicle Approaching or Entering Intersection

(a) An operator approaching an intersection: (1) shall stop, yield, and grant immediate use of the intersection in obedience to an official traffic-control device, including a stop sign or yield right-of-way sign; (2) after stopping, may proceed when the intersection can be safely entered without interference or collision with traffic using a different street or roadway.

(b) An operator who is required by this section to stop and yield the right-of-way at an intersection to another vehicle and who is involved in a collision or interferes with other traffic at the intersection to whom the right-of-way is to be given is presumed not to have yielded the right-of-way.

### §545.351 Maximum Speed Requirements

(a) An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.

(b) An operator: (1) may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and (2) shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with the law and the duty of each person to use due care.

### C. *GROSS NEGLIGENCE*

15. The above-referenced acts and/or omissions by Defendant constitute gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Defendant was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

16. Defendant's acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

-4-

17. Defendant had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

18. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## VI.
## CAUSES OF ACTION – BARRY CARLTON, LLC

### A. *RESPONDEAT SUPERIOR*

19. The Defendant, BARRY CARLTON, LLC, is liable under the doctrine of Respondeat Superior in that Defendant, JOHN DOE, INDIVIDUALLY, was operating the vehicle in the course and scope of his employment with Defendant, BARRY CARLTON, LLC at the time of the collision.

20. At the time of the occurrence of the act in question and immediately prior thereto, Defendant, JOHN DOE, was within the course and scope of his employment with Defendant, BARRY CARLTON, LLC.

22. At the time of the occurrence of the act in question and immediately prior thereto, Defendant, JOHN DOE, INDIVIDUALLY, was engaged in the furtherance of Defendant, BARRY CARLTON, LLC's business.

23. At the time of the occurrence of the act in question and immediately prior thereto, Defendant, JOHN DOE, INDIVIDUALLY, was engaged in accomplishing a task for which Defendant, JOHN DOE, INDIVIDUALLY, was employed.

24. Plaintiff invokes the doctrine of *Respondeat Superior* against Defendant, BARRY CARLTON, LLC.

### B. *NEGLIGENCE*

25. Defendant BARRY CARLTON, LLC, was also independently negligent in one or more of the following respects:

    a. failure to hire a qualified driver;
    b. inadequate driver qualifications;

-5-

  c. failure to train and supervise Defendant, JOHN DOE;
  d. improper and inadequate maintenance;
  e. use of unsafe equipment;
  f. negligent entrustment of the vehicle to of Defendant, JOHN DOE;
  g. negligent retention of Defendant, JOHN DOE; and
  h. negligent contracting.

26. As described herein, Defendant, BARRY CARLTON, LLC, was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

27. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which she will continue to suffer in the future, if not for the remainder of her natural life, and the damages and other losses to Plaintiff.

### C. *GROSS NEGLIGENCE*

28. The above-referenced acts and/or omissions by Defendant constitute gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the Texas CIVIL PRACTICE & REMEDIES CODE. Defendant was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

29. Defendant's acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

30. Defendant had actual, subjective awareness of the risk involved in the indifference to the rights, safety, or welfare of Plaintiff and others.

31. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

-6-

## VII.
## DAMAGES

32. As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiff, LUZ GALVEZ, suffered bodily injuries to her ankle, toes, neck, back, and other parts of her body generally. Her body was bruised, battered and contused and she suffered great shock to her entire nervous system. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiff's health and well-being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for her entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, caused the Plaintiff to suffer consequences and ill effects of this deterioration throughout her body for a long time in the future, if not for the balance of her natural life. As a further result of the nature and consequences of his injuries, the Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

33. Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, LUZ GALVEZ, was caused to incur the following damages:

    a. Reasonable medical care and expenses in the past. Plaintiff, LUZ GALVEZ, incurred these expenses for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in county they were incurred;

    b. Reasonable and necessary medical care and expenses, which will, in all reasonable probability be incurred in the future;

    c. Physical pain and suffering in the past;

    d. Physical pain and suffering, which will, in all reasonable probability be suffered in the future;

    e. Physical impairment in the past;

    f. Physical impairment, which will, in all reasonable probability be suffered in the future;

-7-

    g.    Loss of wages in the past;

    h.    Loss of earning capacity, which will, in all reasonable probability be incurred in the future;

    i.    Mental anguish in the past;

    j.    Mental anguish which will, in all reasonable probability be suffered in the future;

    k.    Fear of future disease or condition;

    l.    Past and future Disfigurement

    m.    Cost of medical monitoring and prevention in the future;

    n.    Property damage;

    o.    Loss of use;

    p.    Prejudgment Interest;

    q.    Post-Judgment Interest; and

    r.    Exemplary damages.

34.    Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs seek monetary relief OVER ONE MILLION DOLLARS ($1,000,000.00) and a demand for judgment for all the other relief to which Plaintiff Luz Galvez justly entitled at the time of filing this suit, which, with the passage of time, may change. Plaintiffs pleads that any monetary relief OVER ONE MILLION DOLLARS ($1,000,000.00) is an amount to be determined by the jury.

## VIII.
## INTEREST

35.    Plaintiff further requests both pre-judgment and post-judgment interest on all damages as allowed by law.

## IX.
## REQUEST FOR DISCLOSURE, INTERROGATORIES AND REQUESTS FOR PRODUCTION

36.    Pursuant to the Rule 194, 196, and 197 of the Texas Rules of Civil Procedure, BARRY CARLTON, LLC is requested to disclose and respond within fifty (50) days after service of the citation and

-8-

petition the information or material described in Rule 194.2 (a) through (l) as well and the requested material in the attached Exhibits A and B, Interrogatories and Request for Production to BARRY CARLTON, LLC respectively.

## X.
## JURY DEMAND

37. In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby makes application for a jury trial and request that this cause be set on the Court's Jury Docket. The jury fee has already been paid.

## XI.
## NOTICE OF SELF-AUTHENTICATION

38. Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are hereby noticed that the produce of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiff have judgment against Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

  a. Pain and suffering in the past;
  b. Pain and suffering in the future;
  c. Mental anguish in the past;
  d. Mental anguish in the future;
  e. Past medical expenses;
  f. Future medical expenses;
  g. Physical impairment in the past;

h. Physical impairment in the future;

i. Physical disfigurement in the past;

j. Physical disfigurement in the future;

k. Pre judgment interest;

l. Post judgment interest;

m. Exemplary damages;

n. Loss of past wages;

o. Loss of future wages;

p. Loss of wage earning capacity;

q. Property damage; and

r. Loss of use.

Respectfully submitted,

THOMAS J. HENRY, INJURY ATTORNEYS
4715 Fredericksburg Road, 5th Floor
San Antonio, Texas 78229
Tel: (210) 656-1000
Fax: 361-985-0601

By: /S/Richard W. Hunnicutt III
Thomas J. Henry
State Bar No. 09484210
Richard W. Hunnicutt III
State Bar No. 10279700
Josephine Lue
State Bar No. 24070180
Melissa Salinas
State Bar No. 24088345
*e-mail: rhunnicutt@tjhlaw.com
ATTORNEYS FOR PLAINTIFFS
*Service by e-mail to this address only
* Service by email to this address only

-10-

CAUSE NO. _____

| | | |
|---|---|---|
| LUZ GALVEZ<br>Plaintiff | § § § § § | IN THE DISTRICT COURT |
| VS. | § § § | _____ JUDICIAL DISTRICT |
| JOHN DOE and<br>BARRY CARLTON, LLC<br>Defendants | § § | NUECES COUNTY, TEXAS |

**PLAINTIFF LUZ GALVEZ'S**
**FIRST SET OF INTERROGATORIES TO BARRY CARLTON, LLC**

To: DEFENDANT, BARRY CARLTON, LLC at 1205 Calls Road, Estill Springs, Tennessee 37330-5106.

These interrogatories are filed and served pursuant to Rule 197, TEXAS RULES OF CIVIL PROCEDURE. Plaintiff, requests that the Defendant answer separately and fully in writing and under oath each of the following interrogatories within thirty (30) days after service of this request, or within fifty (50) days after service of the citation and petition, whichever is later. Your failure to make timely answers or objections may subject you to sanctions as provided in Rule 215 of the TEXAS RULES OF CIVIL PROCEDURE. Furthermore, demand is made for the supplementation of your answers to these interrogatories as required by Rule 193.5 of the TEXAS RULES OF CIVIL PROCEDURE.

Respectfully submitted,

THOMAS J. HENRY, INJURY ATTORNEYS
4715 Fredericksburg Road, 5th Floor
San Antonio, Texas 78229
Tel: (210) 656-1000
Fax: 361-985-0601

By: /S/Richard W. Hunnicutt III
Thomas J. Henry
State Bar No. 09484210
Richard W. Hunnicutt III
State Bar No. 10279700
Josephine Lue
State Bar No. 24070180
Melissa Salinas
State Bar No. 24088345
*e-mail: rhunnicutt@tjhlaw.com
ATTORNEYS FOR PLAINTIFFS
*Service by e-mail to this address only

EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1. As used herein, the terms "you" and "your" shall refer to this Defendant, his/her attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of this Defendant, whether authorized to do so or not.

2. As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3. In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4. "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5. "Identify" or "Identification":
   (a) When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number, job title and job description.

   (b) When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

(o) When used in reference to a document, "identify" or "identification" shall include statement of the following:

    (i) the title, heading, or caption, if any, of such document;

    (ii) the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

    (iii) the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

    (iv) the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

    (v) the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

    (vi) the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

    (vii) the physical location of the document and the name of its custodian or custodians.

6. "The collision" as used herein refers to the collision made the basis of this lawsuit.

7. "John Doe Driver" as used herein refers to the driver who was hauling the trailer license plate no. U126838 on January 13, 2014 on or about 2:11pm at the intersection of highway 77 (Voss Avenue) and Willis Street, in Odem, Texas

Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time beginning with the date of the incident made the basis of this lawsuit up to and including the present date.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from January 13, 2014, through the date of production of responses requested herein, unless otherwise specified.

## FIRST SET OF INTERROGATORIES TO BARRY CARLTON, LLC

**INTERROGATORY NO.1:** Identify the individual(s) answering these interrogatories on behalf of Defendant, BARRY CARLTON, LLC, including their name, address, telephone number, drivers' license number, date of birth, job title and job description.

**ANSWER:**

**INTERROGATORY NO.2:** Identify, by first name, last name, last known address and date of birth, the driver who was hauling the trailer license plate no. U126838 on January 13, 2014 on or about 2:11pm at the intersection of intersection of highway 77 (Voss Avenue) and Willis Street, in Odem, Texas.

**INTERROGATORY NO.3:** Identify all of John Doe Driver's immediate supervisors, and their supervisors, managers or other individuals who have supervisory or managerial authority over him.

**ANSWER:**

**INTERROGATORY NO.4:** Identify every person who is expected to be called to testify at trial, including your experts.

**ANSWER:**

**INTERROGATORY NO.5:** State the nature of the trip being made by John Doe Driver, including the location from which the driver left, the intended destination, the reason for the trip, the goods being hauled, and the owner of said goods.

**ANSWER:**

**INTERROGATORY NO.5:** Describe the driver training program or driver monitoring that was provided by your company to your employee driver John Doe Driver.

**ANSWER:**

**INTERROGATORY NO.6:** If John Doe Driver was tested for drugs or alcohol following the incident of January 13, 2014 then please state the results of such testing, the time and location of testing, and the entity that performed the test.

**ANSWER:**

**INTERROGATORY NO.7:** If you now contend or will contend that you are not liable in the capacity in which you have been sued, or that there is a defect of parties or names of parties to this suit, fully state your contentions and identify all correct parties by stating their full correct name and by stating all facts which support your contentions.

**ANSWER:**

**INTERROGATORY NO.8:** State each and every individual act or omission on the part of the Plaintiff which you now contend or will contend at trial caused or contributed to the collision.

**ANSWER:**

**INTERROGATORY NO.9:** State each and every factor other than the alleged negligence of the Plaintiff which you now contend or will contend at trial contributed to the collision including, but not limited to, acts or omissions of negligence of any other party or parties, or potential Third-Party Defendants; sudden emergency; unavoidable accident; mechanical defect; or Act of God.

**ANSWER:**

**INTERROGATORY NO.10:** State each and every factor which you now contend or will contend at trial caused or contributed to the Plaintiff's damages including, but not limited to, pre-existing physical or medical conditions of the Plaintiffs.

**ANSWER:**

**INTERROGATORY NO.11:** If you intend to use evidence of a criminal conviction of Plaintiff or any witnesses at the trial of this case, please state the date of conviction, nature of conviction and cause number, court, and jurisdiction of conviction.

**ANSWER:**

**INTERROGATORY NO.12:** Describe in detail what damage, if any, was done to your vehicle in the collision, and give the costs of repair of your vehicle and give the name and address of the entity performing the repairs on your vehicle.

**ANSWER:**

**INTERROGATORY NO.13:** Was the vehicle driven by John Doe Driver at the time of the collision equipped with a global positioning satellite system (GPS), satellite location system, and/or satellite communication system that would record his vehicle's movements and speed? If so, please state: (a) the name, address, telephone number, and title of the person or entity presently in possession of such device and the records generated by such device; (b) manufacturer, make, model, and type (e.g., disc, etc.) of the GPS/tracking system.

**ANSWER:**

**INTERROGATORY NO.14:** Identify any and all parameters of any and all technological devices utilized by your company for the purposes of preventing and/or limiting the use of cellular phones by your commercial motor vehicle drivers in the past three (3) years as well as the names of the employees that have assisted either directly or indirectly in implementing company policy and/or training employees regarding this technology, including, but not limited to: (a) under what circumstances a commercial driver will have the ability to use his cellular phone while driving a vehicle for your company; (b) what cellular phone applications are drivers allowed to access while driving a vehicle; and (c) what phone numbers are allowed to ring and/or text the driver's cellular phone while the driver is driving the vehicle; (d) any cellular phone blocking applications and/or technological device utilized by your company for the purposes of preventing and/or limiting the use of cellular phones by your commercial motor vehicle drivers; and (e) any and all notifications and/or records of notifications that your company has received when a driver uses their cellular phone while driving a vehicle and what, if any, company action or disciplinary measures have been imposed against any of your employee drivers as a result of operating a cellular phone while driving a vehicle in the course and scope of their employment.

**ANSWER:**

**INTERROGATORY NO.15:** Identify any and all federal, state, or local civil penalties that have been imposed on your company and/or any of your drivers in the last three (3) years as a result of a driver using their cellular phone while driving one of your company's vehicles as well as the outcome or result of any civil penalties, including, but not limited to, instances of driver disqualification.

**ANSWER:**

**INTERROGATORY NO.16:** Identify the date you "anticipated litigation" and explain your basis for choosing said date.

**ANSWER:**

**INTERROGATORY NO.17:** Please describe in detail the method of payment to John Doe Driver in effect on the date of the collision in question.

**ANSWER:**

**INTERROGATORY NO.18:** If you had a Safety Director (or other person in charge of driver safety no matter what the title) as of the date of the incident that forms the basis of this action then please identify him/her giving name and last known address, with their inclusive dates of employment; the name of the present Safety Director, the name, address and inclusive dates of employment for the predecessor Safety Directors in the 5 years prior to the date of the incident that forms the basis of this action.

**ANSWER:**

**INTERROGATORY NO.19:** On the date of the incident that forms the basis of this action, describe any accident review committee, a safety committee, or a driver review committee, or any other similar body that reviewed driver accidents for purposes of discipline or safety compliance, and please identify by name, address and title each member of such committee, their position with the corporate defendant and their inclusive dates of employment; (b) Did such body or committee review the incident that forms the basis of this action, and if so, please state its finding and conclusions and deliberations.

**ANSWER:**

**INTERROGATORY NO.20:** List by date and topic all courses, classes and other training provided to John Doe Driver (a) related to hazard recognition, accident avoidance, and defensive driving from the time he became a driver for Defendant through the date of the incident that forms the basis of this action; (b) related to FMCSR Hours of Service Regulations; (c) related to the proper way to fill out driver records of duty status.

**ANSWER:**

**INTERROGATORY NO.21:** If Defendant had an Incentive Pay program or other similar programs related to driver performance in effect the date of the incident that forms the basis of this action please describe the program(s) in detail, or provide a complete copy of each and every program.

**ANSWER:**

**INTERROGATORY NO.22:** Describe in detail your company's incident investigation and review process.

**ANSWER:**

**INTERROGATORY NO.23:** Identify any communication devices available to your driver on the date of the collision made the basis of this suit including, but not limited to, cell phones, two way radios, or any other electronic messaging systems. For cell phones, provide the complete phone number and name of carrier.

**ANSWER:**

**INTERROGATORY NO.24:** Describe the business relationship between John Doe Driver and BARRY CARLTON, LLC, with respect to the tractor trailer being driven by John Doe Driver in the incident made the basis of this lawsuit.

**ANSWER:**

01/28/2012 01:30  19319564243  CARLTON  PAGE 19/22

## VERIFICATION

THE STATE OF _____ §
                         §
COUNTY OF _____ §

BEFORE ME, the undersigned authority, a Notary Public, on this day personally appeared _____ _____, who being by me duly sworn under oath deposed and said that he/she is duly qualified and authorized in all respects to make this Affidavit; that he/she has read the above and foregoing answers, and that every statement contained in these answers to interrogatories is within his/her knowledge and completely true and correct.

_____
Signature

_____
Print Name

THE STATE OF _____ §
                         §
COUNTY OF _____ §

BEFORE ME, the undersigned authority, on this day personally appeared _____ _____, who being first duly sworn, stated that each and all of the foregoing Answers to Interrogatories are true and correct.

SUBSCRIBED AND SWORN TO on this the ____ day of _____, 2015.

_____
Notary Public, State of Texas
My Commission Expires: _____

CAUSE NO. _____

| | | |
|---|---|---|
| LUZ GALVEZ<br>Plaintiff | § § § § § § § § § | IN THE DISTRICT COURT |
| VS. | | _____ JUDICIAL DISTRICT |
| JOHN DOE and<br>BARRY CARLTON, LLC<br>Defendants | | NUECES COUNTY, TEXAS |

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO BARRY CARLTON, LLC

TO: DEFENDANT, BARRY CARLTON, LLC, at 1205 Calls Road, Estill Springs, Tennessee 37330-5106.

Pursuant to Rule 196, Texas Rules of Civil Procedure, Plaintiff requests that the Defendant produce copies of, or permit Plaintiff to inspect, sample, test, photograph, and/or copy the designated documents, records, or tangible things which are in your possession, custody, or control, or are available to you, or are in the possession, custody, or control of your agents, representatives, or attorneys.

Plaintiff designates the manner of discovery to be by Defendant providing Plaintiff's attorney with a photocopy or duplicate of each of the designated documents, records, or tangible things in Defendant's possession, custody, or control, or by making the designated items available for inspection, sampling, testing, photographing and/or copying at the office of Plaintiff's attorney. If the requested documents, records, or tangible things cannot readily be copied, produced, and delivered to Plaintiff's attorneys, or made available for inspection, sampling, testing, photographing, and/or copying at the office of Plaintiff's attorney, Plaintiff is agreeable to conducting discovery in the office of Defendant's counsel or Defendant's premises or obtaining delivery therefrom.

Plaintiff designates 50 days after service of these requests to obtain custody of such items. Pursuant to Rule 193.5 Texas Rules of Civil Procedure, these Requests for Production and Discovery are continuing in nature and require supplementation as soon as is practical, but in no event less than thirty (30) days prior to the beginning of trial.

EXHIBIT B

Respectfully submitted,

THOMAS J. HENRY, INJURY ATTORNEYS
4715 Fredericksburg Road, 5th Floor
San Antonio, Texas 78229
Tel: (210) 656-1000
Fax: 361-985-0601

By: /S/Richard W. Hunnicutt III
    Thomas J. Henry
    State Bar No. 09484210
    Richard W. Hunnicutt III
    State Bar No. 10279700
    Josephine Lue
    State Bar No. 24070180
    Melissa Salinas
    State Bar No. 24088345
    *e-mail: rhunnicutt@tjhlaw.com
    **ATTORNEYS FOR PLAINTIFFS**
    *Service by e-mail to this address only